UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LESTER M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:20-cv-952
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's July 13, 2022, Report and Recommendation ("R&R") (Doc. 17), which recommends that this Court **AFFIRM** the Commissioner of Social Security's decision as supported by substantial evidence and **CLOSE** this case. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 17).

To start, the R&R advised the parties that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 17, #2215); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the parties here needed to object by July 27, 2022. The time for filing objections has since passed, and no party has objected.

Nonetheless, although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Jackson v. Drug Enf't Admin.*, No. 1:21-cv-402, 2022 WL 60312, at *1 (S.D. Ohio Jan. 6, 2022) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mavrakis v. Warden, S. Ohio Corr. Facility*, No. 5:17 CV 2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (same); *Mason v. Comm'r. of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). This case arose when the Social Security Administration (the "SSA") denied Plaintiff certain Social Security benefits. Plaintiff first applied for disability insurance benefits on February 20, 2018. (R&R, Doc. 17, #2200). On February 12, 2020, an Administrative Law Judge (the "ALJ") of the SSA issued a decision finding that Plaintiff was not disabled. (*Id.* at #2201). The agency's Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at #2202).

A district court reviews an ALJ's conclusion that an applicant for benefits is not disabled under a deferential standard that asks only whether "substantial evidence" supported that conclusion; the court does not inquire whether the ALJ justifiably instead could have reached a different conclusion. *See, e.g., Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) ("The Secretary's findings are not subject

to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.") (citations omitted).

In his Statement of Specific Errors (Doc. 11), Plaintiff argued that the ALJ erred in finding that Plaintiff could perform "light work" (and therefore was not disabled pursuant to applicable SSA regulations) given Plaintiff's history of lower back and leg pain following a 2016 injury. (*Id.* at #2168–69). But the Magistrate Judge found that substantial evidence in the medical record as a whole supported the ALJ's conclusion. For example, while Plaintiff faulted the ALJ for failing to conclude that he needed to use a cane, the Magistrate Judge determined that even including such a requirement would not have changed the ALJ's ultimate nondisability determination, because the ALJ also found light work jobs consistent with cane use that Plaintiff could have done. (*See* R&R, Doc. 17, #2205). The Magistrate Judge also found that the ALJ properly discounted Plaintiff's subjective reports of uncontrolled pain when those reports contradicted the Plaintiff's own statements to his doctors indicating that certain pain treatments were effective. (*Id.* at #2207). The Court finds no error, much less clear error, in any of the Magistrate Judge's determinations.

The Court therefore **ADOPTS** the R&R (Doc. 17), **AFFIRMS** the Commissioner's decision as supported by substantial evidence, and **DISMISSES** Plaintiff's Complaint (Doc. 1) **WITH PREJUDICE.** The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

August 11, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**